FILED FOR RECORD
3/3/2023 10:39 AM
MARY MARGARET WRIGHT
COUNTY CLERK
HENDERSON COUNTY, TEXAS

No. 277-2021CCL

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT AT LAW |
| | § | |
| JANICE ANN ELLIS, | § | OF |
| | § | |
| DECEASED | § | HENDERSON COUNTY, TEXAS |

## APPLICATION FOR EX PARTE TEMPORARY RESTRAINING
## ORDER AND REQUEST FOR INJUNCTION

James A. Ellis ("Plaintiff"), as Independent Executor for the Estate of Phillip Terry Ellis

and the Estate of Janice Ellis (the "Estates"), complains of Finance of America Reverse, LLC

("Finance of America") and Mortgage Servicer for Wilmington Savings Find Society, FSB, as

Trustee for Finance of America Structured Securities Acquisition Trust 2018-HB1 ("Wilmington")

(collectively "Defendants"), and shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this case will be conducted under a Level 3 Discovery Control Plan pursuant

to Texas Rule of Civil Procedure 190.4.

### II.
### PARTIES

Plaintiff, James A. Ellis is a Texas resident and Independent Executor of the Estate of

Phillip Terry Ellis and the Estate of Janice Ellis.

Defendants, Finance of America Reverse, LLC and Mortgage Servicer for Wilmington

Savings Find Society, FSB, as Trustee for Finance of America Structured Securities Acquisition

Trust 2018-HB1 are foreign entities and may be served with citation through its registered agent,

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th

Street, Suite 620, Austin, TX 78701-3218, or wherever it may be found.

## III.
## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action under Texas Estate Code

Sections 31.001(2), 31.002(a)(3), and 32.002(c) because the Estates are a probate proceeding and

this action is a claim by a personal representative on behalf of the Estates.

Venue is proper for this action in Henderson County under Texas Estate Code Sections

33.001(a)(1) and 33.002 because this action is related to probate proceedings involving the Estates.

## IV.
## FACTS

Decedent, Janice Ellis ("Janice") died on March 7, 2018.  Janice's Will was admitted to

probate and Plaintiff was appointed as Independent Executor on September 29, 2021 in the

Henderson County Court at Law, Cause no. 277-2021CCL.  Decedent, Phillip Terry Ellis ("Terry")

died on July 17, 2021.  Terry's Will was admitted to probate and Plaintiff was appointed as

Independent Executor on May 31, 2022 in the Henderson County Court at Law, Cause no. 240-

2021CCL.

The primary asset of the Estates is the real property located at 150 Pinehurst Drive,

Mabank, Texas 75156 (the "Property").  The Property is encumbered by a reverse mortgage with

an original principal balance of $712,500 and secured by a Deed of Trust dated February 9, 2012.

The current loan balance is $595,439.83 as of December 2022.

Throughout the summer of 2022, Plaintiff made necessary repairs and updates to the

Property totaling approximately $83,000 in advance of listing the Property for sale.  On September 9, 2022 the Property was listed for sale with Keller Williams Realty with an asking price of $850,000, and remains listed for sale through the present time.  A true and correct copy of the listing agreement with Keller Williams Realty is attached as Exhibit A.

On or about October 13, 2022, Plaintiff received a Notice of Default and Intent to Accelerate ("Default Notice") from Defendants.  A true and correct copy of the Notice is attached hereto as Exhibit B.  On or about December 14, 2022, Plaintiff received a Notice of Acceleration of Loan Maturity ("Notice of Acceleration").  A true and correct copy of the Notice of Acceleration is attached hereto as Exhibit C.  The Property was scheduled to be sold at a foreclosure sale on February 7, 2023, however Defendants granted Plaintiff a one-month extension.  Subsequently, Defendants sent Plaintiff Notice of Reposting and Sale ("Notice of Sale") setting the sale for March 7, 2023.  A true and correct copy of the Notice of Sale is attached hereto as Exhibit D.  Defendants have advised Plaintiff it will not grant further extensions of time for the house to be sold at a private sale.

## V.
## TEMPORARY RESTRAINING ORDER, INJUNCTION, AND PERMANENT INJUNCTION

Plaintiff incorporates by reference the factual allegations set forth above.

As set forth above, Plaintiff has alleged viable causes of action against Defendants and has shown a probable right of recovery and a likelihood of success on the merits.  Without the requested injunctive relief, Plaintiff and the Estates will suffer imminent, irreparable harm for which there is no adequate remedy at law. More specifically, if Defendants are not immediately

enjoined without prior notice as requested herein, future creditors who have yet to assert claims, as well as the Estates, will be wrongfully deprived of the proceeds of the sale of the Property at a private sale, and the proceeds—if any—of the foreclosure sale will not replace the unique character of the Property.

Therefore, the only adequate, effective, and complete relief to Plaintiff to maintain the status quo is to immediately restrain Defendants, as set forth herein. Providing advance notice to Defendants of this request for injunctive relief will result in immediate and irreparable injury, loss or damage to Plaintiff and the Estates before notice can be served and a hearing had concerning this Application, in that if not restrained from doing so, it is likely that Defendants will pursue a foreclosure sale of the Property on March 7, 2023.

Therefore, to preserve the status quo during the pendency of this action, Plaintiff seeks an immediate, *ex parte* temporary restraining order, and upon hearing, a temporary and permanent injunction, ordering and immediately restraining Defendants and their parents, subsidiaries, affiliates, agents, servants, employees, independent contractors, attorneys, representatives, and any persons or entities in active concert or participation with them (collectively, the "Restrained Parties") from pursuing a foreclosure sale of the Property until further order of this Court.

## VI.
## ATTORNEY'S FEES

Because of the conduct as described herein, Plaintiff was required to retain the undersigned counsel to pursue its rights and remedies. Consequently, Plaintiff seeks, and is entitled to recover, its reasonable and necessary attorneys' fees and expenses.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1.     The issuance of a temporary restraining order, and upon hearing, preliminary and permanent injunctions for the relief requested above;

2.     Upon final trial, judgment against Defendants for the full amount of Plaintiff's damages as found by the trier of fact;

3.     Prejudgment and post judgment interest as provided by law;

4.     Reasonable and necessary attorneys' fees in prosecuting its claim(s) through trial and, if necessary, through appeal;

5.     All costs of suit; and

6.     Such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**PYKE & ASSOCIATES, P.C.**

*/s/ James N. Balen*
_____
 **David M. Pyke**
*ATTORNEY-IN-CHARGE
**State Bar No. 16419700**
*E-mail: dpyke@dallasprobatelaw.com*
**Jeffrey L. Crouch**
**State Bar No. 00787306**
*E-mail: jcrouch@dallasprobatelaw.com*
**James N. Balen**
**State Bar No. 24121509**
*E-mail: jbalen@dallasprobatelaw.com*
**Herman Moncure**
**State Bar No. 24121018**
*E-mail: hmoncure@dallasprobatelaw.com*

7557 Rambler Road, Suite 850,
Dallas, TX 75231
Ph: 214.866.0133
Fax: 214.866.0433

**SERVICE EMAIL FOR ALL ATTORNEYS:**
PYKEE.FILE@YAHOO.COM

**ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS                    §

COUNTY OF DALLAS            §

"I, James A. Ellis, having been duly sworn, hereby state on oath that the facts contained in the foregoing Application for Ex Parte Temporary Restraining Order and Request for Injunction are true and correct to the best of my knowledge."

James A. Ellis

**SWORN TO AND SUBSCRIBED BEFORE ME** by James A. Ellis, on the 7 day of March, 2023, to certify which witness my hand and seal of office.


JAMES NATHAN BALEN
Notary ID #133291276
My Commission Expires
August 24, 2025

Notary Public, State of Texas